IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: HEARTLAND PAYMENT SYSTEMS, INC. DATA SECURITY BREACH LITIGATION | § § ALL CASES § § CIVIL ACTION NO. H-09-MD-02046 § |

**CASE MANAGEMENT ORDER NO. 1**

## I.   INTRODUCTION

The Judicial Panel on Multidistrict Litigation ("JPML") has transferred and assigned various cases pending in different federal district courts to this court for coordinated or consolidated pretrial proceedings under MDL No. 2046, Houston Case No. 4:09-MD-2046. (JPML's Transfer Orders, June 10, 2009 and June 12, 2009). The transferred cases are as follows:

Middle District of Alabama

*Steve Brown, et al. v. Heartland Payment Systems, Inc.*, No. 2:09cv86; Houston No. 4:09cv2099.

District of Arizona

*Scott Swenka v. Heartland Payment Systems, Inc.*, No. 2:09cv179; Houston No. 4:09cv2044.

Eastern District of California

*Mark Hilliard v. Heartland Payment Systems, Inc.*, No. 1:09cv219; Houston No. 4:09cv2035.

Southern District of California

*Juan M. Mata v. Heartland Payment Systems, Inc.*, No. 3:09cv376; Houston No. 4:09cv2002.

Northern District of Florida

*Robert M. Read v. Heartland Payment Systems, Inc.*, No. 3:09cv35; Houston No. 4:09cv2061.

Southern District of Florida

*Ana Balloveras v. Heartland Payment Systems, Inc.*, No. 1:09cv2032; Houston No. 4:09cv2040.

District of Kansas

*Jason Barrett, et al. v. Heartland Payment Systems, Inc.*, No. 2:09cv2053; Houston No. 4:09cv2087.

Western District of Missouri

*Darryl McLaughlin v. Heartland Payment Systems, Inc.*, No. 6:09cv3069; Houston No. 4:09cv2042.

District of New Jersey

*Loretta A. Sansom, et al. v. Heartland Payment Systems, Inc.*, No. 3:09cv335; Houston No. 4:09cv2160.

*Moises Merino v. Heartland Payment Systems, Inc.*, No. 3:09cv439; Houston No. 4:09cv2161.

*Talal Kaissi v. Heartland Payment Systems, Inc.*, No. 3:09cv540; Houston No. 4:09cv2162.

*Lone Summit Bank v. Heartland Payment Systems, Inc.*, No. 3:09cv581; Houston No. 4:09cv2021.

*Tricentury Bank, et al. v. Heartland Payment Systems, Inc.*, No. 3:09cv697; Houston No. 4:09cv2023.

*Amalgamated Bank, et al. v. Heartland Payment Systems, Inc.*, No. 3:09cv776; Houston No. 4:09cv2026.

*Jason J. Rose v. Heartland Payment Systems, Inc.*, No. 3:09cv917; Houston No. 4:09cv2031.

Northern District of Ohio

*Colleen McGinty, et al. v. Heartland Payment Systems, Inc.*, No. 1:09cv244; Houston No. 4:09cv2034.

Southern District of Texas

*Robert D. Watson v. Heartland Payment Systems, Inc.*, No. 4:09cv325 (this is a Houston case).

*Lone Star National Bank NA v. Heartland Payment Systems, Inc.*, No. 7:09cv64; Houston No. 4:09cv1987.

Eastern District of Wisconsin

*Arthur Anderson, et al. v. Heartland Payment Systems, Inc.*, No. 2:09cv113; Houston No. 4:09cv2047.

Additionally, the following cases against Heartland filed in the Southern District of Texas were consolidated with this MDL by the July 7, 2009 Order of this court (Docket Entry No. 7):

*First Bankers Trust Company, National Bank Association v. Heartland Payment Systems, Inc.*, No. H-09-825.

*Community West Credit Union v. Heartland Payment Systems, Inc.*, No. H-09-1201.

*The Eden State Bank v. Heartland Payment Systems, Inc.*, No. H-09-1203.

*Heritage Trust Federal Credit Union v. Heartland Payment Systems, Inc.*, No. H-09-1284.

*Pennsylvania State Employees Credit Union v. Heartland Payment Systems, Inc.*, No. H-09-1330.

Under Conditional Transfer Order 1 issued by the JPML, the following actions were designated as Tag-Along Actions and transferred to this court:

Eastern District of Arkansas

*Phillip Brown v. Heartland Payment Systems, Inc.*, CA No. 4:09cv384; Houston CA No. 4:09cv2104.

Southern District of Florida

*PBC Credit Union, et al. v. Heartland Payment Systems, Inc.*, CA No. 9:09cv80481; Houston CA No. 4:09cv2105.

Southern District of Illinois

*Stanley Leavell v. Heartland Payment Systems, Inc.*, CA No. 3:09cv270; Houston CA No. 4:09cv2106.

A motion seeking transfer of a consolidated securities fraud class action filed against Heartland related to the same computer system intrusion at issue in this MDL, *In re Heartland*

*Payment Systems, Inc. Sec. Litig.*, Civ. No. 3:09-cv-01043 (D.N.J.), has been filed and is awaiting a ruling from the JPML. In addition, a derivative action, *Kirkham v. Carr, et al.*, Civ. No. 3:09-cv-03444 (D.N.J.), has been designated by Heartland as a potential tag-along action to these MDL proceedings.

This Case Management Order applies to all actions currently a part of MDL No. 2046 and all cases subsequently filed in, removed to, or transferred to this court as part of MDL No. 2046 that would fall within the "Financial Institution Track" or the "Consumer Track," as defined below. This Order supersedes any prior scheduling order issued by a federal or state court in a case subsequently transferred to MDL No. 2046. The local rules of a federal transferor court do not apply once a case has been transferred to MDL No. 2046, as long as the case remains before this transferee court.

This Order is not a determination that the actions consolidated for pretrial purposes should be consolidated for trial. Nor does this Order make any person or entity a party to any action in which that person or entity has not been named and served or otherwise added under the Federal Rules of Civil Procedure.

## II.   GENERAL PROVISIONS

### A.   Scope

This Order applies to all pretrial proceedings in all cases already transferred to this MDL and to any subsequently transferred cases within the "Financial Institution Track" or the "Consumer Track."

### B.   Designation of Cases

The court creates separate Tracks for the two distinct categories of cases pending in this MDL: (1) the "Financial Institution Track," for those cases brought by banks, credit unions, and other financial institutions seeking to recover damages allegedly caused by the Heartland computer

intrusion; and (2) the "Consumer Track," for those cases brought by consumers seeking to recover damages allegedly caused by the Heartland computer intrusion. The court will create a "Securities Track" in the event that one or more of the securities and derivative actions referenced in § (I) is transferred by the JPML to this court. Nothing in this Order affects cases that might fall within such a "Securities Track." If such securities or derivative cases are transferred to this MDL, appropriate further orders will be entered for those cases.

### III. DOCUMENT FILING

#### A. Master Docket and File

The Clerk of Court will maintain a master docket and case number under the style "In re Heartland Payment Systems, Inc. Data Security Breach Litigation, Master File Number 2046." All orders, pleadings, motions, and other documents will, when filed and docketed in the Master File, be deemed filed and docketed in each individual case to the extent applicable. Separate dockets will also be maintained for each of these consolidated cases and entries will be made in those dockets in accordance with the regular procedures of the Clerk of Court, except as modified by this Order or subsequent orders of this court.

#### B. Captions; Separate Filing

Orders, pleadings, motions, and other documents will bear a caption similar to that of this Order.

   1. If generally applicable to all consolidated actions, documents will include in their caption the notation that they relate to "ALL CASES" and be filed and docketed *only* in the Master File. If generally applicable to all consolidated actions in the Financial Institution Track, documents will include in their caption the notation that they relate to "FINANCIAL INSTITUTION TRACK ACTIONS" and be filed and docketed *only* in the Master File. Similarly, if generally

applicable to all consolidated actions in the Consumer Track, documents will include in their caption the notation that they relate to "CONSUMER TRACK ACTIONS" and be filed and docketed *only* in the Master File.

    2. Documents intended to apply only to particular cases will include in their caption the case number of the case(s) to which they apply. The filing party will use the ECF system to file such documents in both in the Master File and the specified individual case files.

  C. **Discovery Requests and Responses**

Under Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the court unless the court orders or unless the requests and responses are filed with the court in connection with a motion or hearing.

**IV. ORGANIZATION OF COUNSEL**

  A. **The Plaintiffs' Interim Co-Lead Counsel**

The Unopposed Motion for the Appointment of Liaison Counsel and Interim Co-Lead Counsel filed on July 24, 2009, by Lone Star National Bank, N.A., First Bankers Trust Company, National Association, Community West Credit Union, The Eden State Bank, Heritage Trust Federal Credit Union, Pennsylvania State Employees Credit Union, Lone Summit Bank, Amalgamated Bank, Matadors Community Credit Union, GECU, MIDFLORIDA Federal Credit Union, and Farmers State Bank, on July 24, 2009, (Docket Entry No. 10), is granted. The court designates Michael A. Caddell, Richard L. Coffman, and Joseph G. Sauder as the plaintiffs' Interim Co-Lead Counsel for the Financial Institution Track, and designates Michael A. Caddell as Liaison Counsel for the plaintiffs in the Financial Institution Track.

The Sansom Plaintiffs' Application for Appointment of Interim Co-Lead Counsel and Liaison Counsel for the Consumer Class, filed on July 24, 2009, by Jason Barrett, Julie Barrett,

Robert D. Watson, Loretta A. Sansom, Jerome Engel, Arthur Anderson, and Derek Hoven, (Docket Entry No. 9), is also granted. The court designates Ben Barnow of Barnow and Associates, P.C., Lance A. Harke of Harke & Clasby, LLP, and Burton H. Finkelstein of Finkelstein Thompson LLP as the plaintiffs' Interim Co-Lead Counsel for the Consumer Track, and designates Harold B. Gold of Wisener Nunnally Gold, L.L.P. as Liaison Counsel for the plaintiffs in the Consumer Track.

### B. Time Records

All plaintiffs' counsel must keep a daily record of their time spent and expenses incurred in connection with this litigation. Failing to maintain such records with sufficient detailed descriptions of the time spent and expenses incurred may be grounds for denying attorneys' fees and/or expenses.

### C. Other Counsel Designations

On motion or by order entered on its own, the court may appoint counsel to assume various responsibilities to facilitate the orderly management and disposition of these cases.

### D. Interim Co-Lead Counsel's Duties

The plaintiffs' Interim Co-Lead Counsel will have the following duties:

1. daily responsibility for the conduct of the litigation for plaintiffs;

2. carrying out the court's orders for the conduct of the litigation, to the extent applicable to the plaintiffs;

3. arranging for the preparation of any documents for the plaintiffs, including discovery, pleadings, briefs, motion papers and the like;

4. supervising the discovery efforts of the plaintiffs;

5. conducting all proceedings on behalf of the plaintiffs in court, proceedings outside of court, and all negotiations with the defendant; and

6. coordinating with the plaintiffs' counsel in other court proceedings.

E.     **The Plaintiffs' Liaison Counsel**

The plaintiffs' Liaison Counsel will have the following duties:

1.     maintaining and distributing an up-to-date service list to co-counsel;

2.     receiving and, when appropriate, distributing to co-counsel, orders from the court and documents from opposing parties and counsel;

3.     maintaining and making available to co-counsel a complete file of all documents served by or upon each party.

F.     **The Plaintiffs' Steering Committee**

The Plaintiffs' Steering Committee for each Track will be composed of the Plaintiffs' Interim Co-Lead Counsel and additional Steering Committee members. The Plaintiffs' Steering Committee, in consultation with Plaintiffs' Interim Co-Lead Counsel, will assist with plaintiffs' pretrial activities, trial preparations, and settlement efforts.

G.     **Reimbursement**

If agreement cannot be reached on a method for periodically allocating the costs and expenses of litigation, the matter will be presented to the court for resolution.

V.     **COORDINATION OF DOCUMENTS**

A.     **Orders**

The Clerk of Court will use its normal procedures to provide a copy of each order issued by the court to the plaintiffs' Liaison Counsel for each Track for distribution, as appropriate, to other counsel and parties.

B.     **Pleadings, Motions, and Other Documents**

1.     Service of papers by the defendant will, subject to further order of this court, be made on the plaintiffs' Liaison Counsel for each Track and on the attorney for an individual

plaintiff(s) if the pleading only concerns that plaintiff(s). Service on the plaintiffs' Liaison Counsel will constitute service on the attorneys for the other plaintiffs and the parties for whom the plaintiffs' Liaison Counsel is acting.

2. If the defendant files a single pleading or other paper directed to all the plaintiffs in these consolidated actions in any Track, the response on behalf of the plaintiffs will ordinarily be made in a single pleading or other paper to be served by the plaintiffs' Interim Co-Lead Counsel in that Track, with the concurrence and participation of the other plaintiffs' Counsel. All the plaintiffs in these consolidated actions in that Track will be bound by that pleading or paper. If counsel for any plaintiff does not concur in any responsive pleading or paper filed by the plaintiffs' Interim Co-Lead Counsel in the Track and wants to submit an individual response, that counsel may do so within fourteen days after the pleading or paper filed by Interim Co-Lead Counsel. The defendant may file a separate reply to this individual plaintiff's response within 14 days after it is filed.

## VI. STATUS CONFERENCES

The court will set status or other conferences as appropriate. Counsel may request additional status or other conferences. A motion must ordinarily be filed at least 14 days before it is set for oral hearing at a conference.

### A. Telephone Conferences

Out of town counsel may usually participate in a status or other conference by telephone by prior arrangement through the court's chambers.

## VII. REFINEMENT OF ISSUES

### A. Master Amended Complaints

The plaintiffs in the Financial Institution Track and in the Consumer Track will each file a

Master Amended Complaint no later than **September 23, 2009**. The Master Amended Complaints will incorporate the claims in each transferred case in that respective Track. The Master Amended Complaints will designate the extent to which any allegations or claims in the Master Amended Complaints do not apply to each transferred case.

The Master Amended Complaints will supersede all previously filed complaints in all transferred and subsequently transferred or subsequently consolidated cases within the Financial Institution Track or the Consumer Track. Counsel for the plaintiffs in any subsequently transferred or subsequently consolidated cases within the Financial Institution Track or the Consumer Track may petition the court within 14 days after transfer or consolidation (whichever occurs first) for leave to add additional claims or allegations to the extent that the Master Complaint may not adequately encompass that plaintiff's claims. In the event a Master Complaint is amended, counsel for any plaintiff in this MDL may move the court within 14 days of the amendment for leave to add additional claims or allegations, to the extent that the amended Master Complaint may not adequately encompass that plaintiff's claims.

In light of this Order requiring the filing of the Master Complaints, the defendant will not be required to respond to any previously filed complaint to which it has not already responded or, in any action subsequently added to this MDL, any other complaint to which it has not already responded before its addition to this MDL.

**B.     General Briefing Requirements**

Briefs in support of, or in opposition to, dispositive motions (including motions for class certification) may not exceed 50 pages without leave of court. Reply briefs to dispositive motions will be limited to 20 pages without leave of court. Briefs in support of, or in opposition to, any

nondispositive motions may not exceed 20 pages without leave of court. Reply briefs to any nondispositive motions will be limited to 10 pages without leave of court.

Unless otherwise noted, the period for responding to nondispositive motions will be 21 days after the motion is filed; reply briefs will be filed 14 days after the responding briefs are filed. Unless otherwise provided, responses to dispositive motions or to any motion for class certification will be filed 42 days after motion is filed; reply briefs will be filed 21 days after the response brief is filed.

### C. Fed. R. Civ. P. 12 Motions

#### 1. Motions Regarding Master Amended Complaint

In each Track, the defendant is to file motions regarding any or all portions or all of the Master Amended Complaints under Fed. R. Civ. P. 12 by **October 23, 2009**. This provision does not preclude filing Rule 12 motions or other dispositive motions at other times, as appropriate. In each Track, the plaintiffs will file their opposition to the defendant's motion by **November 23, 2009**, and the defendant must reply to the plaintiffs' opposition by **December 18, 2009**.

#### 2. Discovery

The defendant submitted its Motion to Stay Discovery During the Pendency of Its Motions to Dismiss on August 17, 2009. The plaintiffs will respond to this motion no later than **August 31, 2009**, and the defendant will file its reply no later than **September 8, 2009**.

### D. Class Action Matters and Discovery Schedule

The plaintiffs' Interim Co-Lead Counsel for the Financial Institution Track will serve as interim counsel to represent any potential national class and any potential multistate class of financial institutions until the court determines whether to certify such a class(es).

The plaintiffs' Interim Co-Lead Counsel for the Consumer Track will serve as interim counsel to represent any potential national class and any potential multistate class of consumers until the court determines whether to certify such a class(es).

1.  Discovery Schedule

The parties have agreed on a schedule for briefing the defendant's initial motion to stay. The parties agree that, if the defendant's motion to stay is granted, discovery will await the court's rulings on the defendant's motion to dismiss. If the defendant's motion to stay is denied, discovery will begin as soon as permissible under the Federal Rules of Civil Procedure.

Proposed Discovery/Class Certification Schedule:

| | |
|---|---|
| Commencement Date for Discovery | -- Discovery may proceed (all issues) |
| Class Certification Fact Discovery Ends | -- 90 days after commencement |
| Class Certification Expert Discovery Ends | -- 150 days after commencement |
| Class Certification Motions Filed | -- 180 days after commencement |
| Fact Discovery Ends | -- 360 days after commencement |
| Merits Expert Discovery Ends | -- 450 days after commencement |

The parties' discovery is subject to the following:

      a.    The provisions of Fed. R. Civ. P. 26 will apply, except as set forth below.

      b.    In each Track, the plaintiffs are limited to 40 interrogatories, including subparts, directed to the defendant in that Track. In each Track, the defendant will be limited to 30 interrogatories, including subparts, directed to the plaintiffs in that Track as a group and 12 additional interrogatories, including subparts, directed to any individual plaintiff regarding the individual and specific circumstances of that individual plaintiff.

c. The plaintiffs, collectively in both Tracks, will be permitted a total of 100 hours of deposition time (including direct, redirect, cross and recross, and irrespective of the party noticing the deposition) of the defendant and the defendant's expert(s), and the defendant will be permitted a total of 100 hours of deposition time (including direct, redirect, cross and recross, and irrespective of the party noticing the deposition) of the plaintiffs and plaintiffs' expert(s). If there are more than 5 named plaintiffs in either Track, the defendant will be permitted an additional 7 hours of deposition time for each additional named plaintiff. Each side may be permitted to designate no more than 3 separate multiday depositions. In no event will any single deponent noticed for a multiday deposition be required to sit for more than 14 hours of deposition testimony elicited by the noticing party, absent agreement or leave of court.

d. In each Track, for purposes of class certification, the plaintiffs, collectively, and the defendant will each be limited to no more than 3 experts retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony pursuant to Fed. R. Civ. P. 26(a)(2)(b).

2. Briefing on the Plaintiffs' Class Certification Motion(s)

In each Track, the plaintiffs will file any motion for class certification with a supporting brief within 180 days after discovery begins. In each Track, the defendant's opposition to any motion for class certification will be due 42 days thereafter, and the plaintiffs' reply will be due 21 days thereafter.

3. Hearing on Plaintiffs' Class Certification Motion(s)

The court will schedule a hearing if appropriate on class certification motions.

## VIII. DISCOVERY

### A. Schedule for Expert Discovery

<u>Class Certification Expert Discovery (in each Track)</u>:

| | |
|---|---|
| Plaintiffs' Expert Report(s) Due | -- 10 days after end of Class Cert. Disc. |
| Discovery of Plaintiffs' Expert(s) Ends | -- 30 days after end of Class Cert. Disc. |
| Defendant's Expert Report(s) Due | -- 40 days after end of Class Cert. Disc. |
| Discovery of Deft.'s Expert(s) Ends | -- 60 days after end of Class Cert. Disc. |

<u>Merits Expert Discovery (in each Track)</u>:

| | |
|---|---|
| Plaintiffs' Expert Report(s) Due | -- 10 days after end of Fact Disc. |
| Discovery of Plaintiffs' Expert(s) Ends | -- 30 days after end of Fact Disc. |
| Defendant's Expert Report(s) Due | -- 40 days after end of Fact Disc. |
| Discovery of Deft.'s Expert(s) Ends | -- 60 days after end of Fact Disc. |
| Rebuttal Reports | -- 75 days after end of Fact Disc. |
| End of Expert Discovery | -- 90 days after end of Fact Disc. |

### B. General Limitations

All discovery requests and responses are subject to Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), unless otherwise noted herein.

### C. Documents

1. <u>Numbering System</u>. Counsel will use a system for identifying by a unique number or symbol each document produced or referred to during the course of this litigation.

2. <u>Rolling Production</u>. The parties must produce documents to which they have not raised an objection on a rolling basis rather than waiting until all documents responsive to a

request have been gathered. The parties must meet and confer on a schedule for orderly and efficient production.

   3. <u>Avoidance of Multiple Requests</u>. In each Track, the plaintiffs' Interim Co-Lead Counsel, and only the plaintiffs' Interim Co-Lead Counsel, will sign document requests, which will be sequentially numbered.

   4. <u>Privilege</u>. A party withholding documents, requested in discovery or subpoenaed, based on any privilege or on work-product protection, must file a privilege log under the Federal Rules of Civil Procedure.

  **E.** **Third-Party Discovery**

In addition to the 100 hours of deposition testimony permitted the plaintiffs and the defendant under Section (VII)(D)(I)(C) above, unless otherwise agreed to by the third-party deponent or ordered by the court, any party noticing a third-party deposition is entitled to 7 hours of the deposition time, and the opposing party is entitled to 7 hours. In the event either party anticipates needing more than their time allotted for a third-party deposition, they must ask the deponent whether he/she is available for additional time and agrees to it before seeking an order from the court. The plaintiffs, collectively in both Tracks, are permitted a total of 50 hours of deposition time (including direct, redirect, cross and recross, and irrespective of the party noticing the deposition) of third parties, and the defendant is permitted a total of 50 hours of deposition time (including direct, redirect, cross and recross, and irrespective of the party noticing the deposition) of third parties.

**IX.** **CONFIDENTIALITY AND ELECTRONIC DISCOVERY**

Before discovery begins, the parties will submit a proposed Protective Order and a proposed Electronic Discovery protocol.

## X.    TRIAL

On the conclusion of all pretrial proceedings, the court will remand each case transferred under this MDL proceeding back to its original transferor court for trial.

## XI.   NEWLY FILED OR TRANSFERRED ACTIONS

If a civil action that relates to the same subject matter as this MDL is filed in this court or transferred here from another court, the Clerk of Court will:

a.  file a copy of this Order in the separate file for such action;

b.  mail a copy of the notice of assignment to counsel for the plaintiffs and counsel for the defendant in the actions consolidated for pretrial purposes;

c.  make an appropriate entry in the Master Docket;

d.  mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order; and

e.  on the first appearance of any new defendant(s), add them to the Master Docket and mail to the attorneys for the newly added defendant(s) a copy of this Order.

Counsel should call to the attention of the Clerk of Court the filing or transfer of any case that might properly be consolidated for pretrial purposes with these consolidated actions.

## XII.  CASES SUBSEQUENTLY FILED

The terms of this Order, including pretrial consolidation, will apply automatically to actions later instituted in, removed to, or transferred to this court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) that involve claims related to the Heartland computer intrusion, except as otherwise provided.

### XIII. FILING AND DOCKETING

When a document is filed and the caption, under to Section III above, shows that it is applicable to "ALL ACTIONS," "FINANCIAL INSTITUTION TRACK ACTIONS," or "CONSUMER TRACK ACTIONS," the Clerk of Court will file such document in the Master File and note such filing in the Master Docket. No further document need be filed or docket entries made.

When a document is filed and the caption, under Section III above, shows that it applies to fewer than all of the consolidated actions, the Clerk of Court will file an original and duplicate copy of such document in the Master File and a copy in the file of each specific action to which the document applies, and will note such filing in the Master Docket and in the docket of each such action. All papers will be filed using the court's ECF system.

### XIV. RULES OF PROCEDURE

Except as otherwise stated in this or another order of this court, the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the Southern District of Texas govern. All attorneys of record in cases transferred by MDL to this court who are not generally admitted to this court must register with the court's ECF system.

### XV. COMMUNICATION AMONG COUNSEL

Cooperation by and among the plaintiffs' Counsel in this case and with the plaintiffs' counsel in state-court cases and in any federal-court cases that have not been transferred, and with the defendant's Counsel, is essential. The communication of information, including documents and tangible objects, among and between the plaintiffs' Counsel, including the plaintiffs' counsel in state cases and in nontransferred cases, and with the defendant's Counsel, will not waive the attorney-client privilege or the protection afforded attorney work product, and the cooperative efforts will not

in any way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision will limit the rights of any party or counsel to assert the attorney-client privilege or attorney work-product protection.

## XVI. RESERVATION OF RIGHTS TO SEEK MODIFICATIONS OF THIS ORDER

The parties do not waive their rights to seek modifications of this Case-Management Order based on good cause.

SIGNED on August 28, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge